UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                             CRIMINAL ACTION NO. 5:18-cr-00026-05

SANJAY MEHTA

**MEMORANDUM OPINION AND ORDER**

On September 7, 2022, following two independent psychological evaluations finding Defendant Dr. Sanjay Mehta incompetent to stand trial, the Court ordered Dr. Mehta committed to the custody of the Attorney General for placement in a facility for a suitable time to determine whether his competency might be restored. [Doc. 1275]; *see* 18 U.S.C. §§ 4241(a)–(e). On April 24, 2023, Dr. Mehta self-reported to the Federal Medical Center in Butner, North Carolina ("FMC Butner"), for hospitalization and treatment in an effort to restore his competency to stand trial. *See* § 4241(d). On August 28, 2023, the warden at FMC Butner submitted the facility's evaluation report finding Dr. Mehta competent along with a Certificate of Restoration of Competency to Stand Trial. [Doc. 1310]; *see* §§ 4241(d), (e). The Court provided copies of the report to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The Court ordered the report filed under seal.

On September 27, 2023, the Court held a hearing to determine Defendant's competency pursuant to 18 U.S.C. § 4247(d). At the hearing, Dr. Mehta requested an additional 30 days to be examined anew by Dr. Timothy Saar, a medical professional who examined him

previously. The Court found re-examination necessary in view of the recent report from examination professionals at FMC Butner.

On November 1, 2023, Dr. Saar submitted his second evaluation report to the Court. In his report, Dr. Saar determined that Dr. Mehta had benefited tremendously from the educational and treatment services he had received over the last 12 months and was now competent to stand trial. On November 9, 2023, the Court ordered the United States to advise whether it desired to have Dr. Mehta further evaluated in view of Dr. Saar's revised report. [Doc. 1318]. On November 15, 2023, the United States informed the Court that it will not seek a further evaluation of Dr. Mehta. [Doc. 1319].

On January 4, 2024, the Court convened for an evidentiary hearing to determine Dr. Mehta's competency to stand trial. The parties' declined the invitation to present evidence.

## II.

Our Court of Appeals has previously discussed the nature of the competency inquiry in the district court:

> In determining whether there is reasonable cause to order a competency hearing, a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence. *See Drope*, 420 U.S. at 180, 95 S.Ct. at 908; *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir.1987); *Thompson v. Blackburn*, 776 F.2d 118, 123 (5th Cir.1985). "[E]ven one of these factors standing alone may, in some circumstances, be sufficient." *Drope*, 420 U.S. at 180, 95 S. Ct. at 908. Medical opinions are "usually persuasive evidence on the question of whether a sufficient doubt exists" as to the defendant's competence. *Griffin v. Lockhart*, 935 F.2d 926, 930 (8th Cir.1991). The trial court must "look at the record as a whole and accept as true all evidence of possible incompetence" in determining whether to order a competency hearing. *Smith v. Ylst*, 826 F.2d 872, 877 (9th Cir.1987), *cert. denied*, 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 59 (1988).

*United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995).

The focused inquiry at this later junction remains whether Mr. Mehta "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). And Mr. Mehta bears the burden of proving his incapacity by a preponderance of the evidence. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005) (citing 18 U.S.C. § 4241(d)); *see also Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence.") (citing 18 U.S.C. § 4241).

Psychological and psychiatric evaluations are the principal components of an accused's arsenal for demonstrating incompetence. *See Mason*, 52 F.3d at 1290 ("Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence.") (cleaned up). Where multiple experts have provided evidence as to a defendant's competency, the court "may find a defendant competent by adopting the findings of one expert and discounting contrary findings of another." *See United States v. Cristobal*, 293 F.3d 134, 144 (4th Cir. 2002) ("Assessing and evaluating the strength and weakness of two experts' conflicting testimonies is a task particularly within the fact finder's province, and here the district judge was not clearly erroneous in finding that Cristobal did not prove insanity . . . ."). Multiple other factors may be considered, including those recited in *Mason* for the reasonable cause analysis, along with the Court's own observations and lay testimony.

One must also bear in mind that "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (quoting *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir. 1984)).

3

"Likewise, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Id.

The Court has reviewed the recent reports submitted by the aforementioned examiners. Of representative note is the following excerpt from the "OPINION REGARDING § 4241(d)":

> Although the determination of Mr. Mehta's competency is ultimately a decision for the Court, it is the opinion of the undersigned that although he suffers from a mental disease or defect, the symptoms are not of sufficient severity to render him not competent to proceed at this time. As previously indicated, if needed, compensatory strategies may be helpful to Mr. Mehta should he proceed to trial. These may include reviewing discovery information at a slower pace, allowing for breaks to allow him to review information with his attorney and to ensure adequate tracking and comprehension, and simply notetaking to offset any memory weaknesses. Mr. Mehta was, further encouraged to continue utilizing the learned anxiety management strategies (e.g., diaphragrnic breathing, progressive muscle relaxation) if/when his attention is diverted to competing thoughts or in preparation for anxiety provoking tasks, such as testifying. Such interventions can be done quickly and without disrupting the courtroom proceedings. Of note, these strategies are simply suggestions and do not differ from recommendations that might be offered to anyone in an equally high stress situation. Additionally, as reflected in the concurrently administered testing, the difficulties with memory identified for Mr. Mehta were related to visual information. As such, he may receive greater benefit in receiving information verbally or printed with a larger font.

[Doc. 1310, Forensic Eval. at 30 (Aug. 28, 2023)].

Based on this and related excerpts, statements made at the hearing, the parties' post-hearing briefs, and the information contained in the four competency evaluation reports, the Court **FINDS**, by a preponderance of the evidence, that Dr. Mehta is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

At trial, Dr. Mehta will be permitted to use the following compensatory strategies suggested by his evaluators: (1) active psychological and physiological treatment services

throughout the proceeding upon request, (2) additional time to review discovery information, transcripts of witness testimonies, and other factual materials related to his case, (3) information verbally or printed with a larger font as needed, (4) notetaking authorization to compensate for any memory weaknesses, (5) reasonable breaks to review information and consult with his attorney as needed, and, (6) should he exercise his right to testify as opposed to his right to remain silent, the Court will permit any reasonable strategies to reduce environmental distractions, as requested by his counsel, and he shall be provided ample time to consider the questions asked prior to responding.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER:    January 29, 2024

Frank W. Volk
United States District Judge